STATE OF NORTH CAROLINA, PLAINTIFF-APPELLEE v. WAYNE CROWSON MEADLOCK, DEFENDANT-APPELLANT

No. 8922SC417

(Filed 15 August 1989)

Homicide § 21.9— victim allegedly shot by hunter—insufficiency of evidence of involuntary manslaughter

Evidence was insufficient to be submitted to the jury in a prosecution for involuntary manslaughter where it tended to show only that the victim was killed sometime between 6:00 a.m. on 25 November 1987 and 9:20 a.m. on 26 November 1987 when he was struck in the head by a bullet from a

high-powered rifle fired from a distance; based on defendant's stipulations and statements, defendant was hunting on the morning of 25 November 1987 in the area where the victim's body was found the following day; defendant fired his rifle at a running deer and missed; the shell casing from this shot was found 453 feet from the victim's body; the shot was embedded in a tree 97 feet from the victim's body and this bullet bore no evidence of having struck flesh; defendant later shot and killed a deer; and there was no evidence that defendant was negligent in firing his rifle or that a bullet from his gun was the proximate cause of the victim's death.

Judge PHILLIPS concurring in the result.

APPEAL by defendant from *Gray, Judge.* Judgment entered 19 January 1989 in Superior Court, ALEXANDER County. Heard in the Court of Appeals 31 July 1989.

This is a criminal action wherein defendant was charged in a proper bill of indictment with the involuntary manslaughter of Paul Spencer in violation of G.S. 14-18.

The evidence at trial tends to show the following: On 25 November 1987, the day before Thanksgiving, Paul Spencer, 18 years of age, five feet three inches tall and weighing 95 pounds, left his home at about 6:00 a.m. to hunt deer on property adjoining property where he lived with his parents. When Spencer failed to return home at "about dark" that same day, a party was organized to search the area. His body was found the following morning 26 November 1987, Thanksgiving Day, at about 9:20 a.m. lying in a ditch. Spencer was completely dressed in camouflage clothing and was lying partially on top of his 30.30 rifle. A pathologist testified that the cause of death was a "distant" gunshot wound to the head caused by a high-powered rifle. No determination could be made as to the time of Spencer's death. Searchers subsequently found a 30.06 rifle shell casing 453 feet from the body and a bullet embedded in a tree 97 feet from the body. Defendant stipulated that the shell casing and bullet came from his 30.06 rifle. A firearms and hunting expert, William Long, testified that because the bullet found in the tree had no blood or tissue on it, he believed the bullet had not "pierced or penetrated any animal flesh."

Detective Hayden Bentley of the Alexander County Sheriff's Department testified for the State that he spoke to defendant on

26 November 1987 and that defendant went with him to the area where Spencer's body was found. He further testified as follows:

> . . . When we got to this area, he stated he had driven his Jeep and parked right next to this tree line in this open field. He stated that he got out of the vehicle; that he had the gun that was in the Jeep, which was 30.06; and that a deer had been laying in the grassy area somewhere in this area here; that the deer jumped up and ran towards this fenceline here; that he fired one round at the deer as it was coming down through here; and he was not sure if he hit it or not, but he thought he had. I asked him what he did next. We walked from there down through the field.
>
> . . .
>
> [H]e stated this was the exact route that he had took hunting the deer that he thought he had shot. After we crossed the fenced area just about at the corner, we walked on up to the corner of the fence down through the small ravine we have been talking about, over to the road area and down to the restroom area of the block buildings of the amphitheatre. Mr. Meadlock stated that he had walked down in behind the amphitheatre and had started back; and when he got to the back corner of the amphitheatre or the restrooms, that he observed what he thought was the same deer standing in the roadway approximately right in this area; that he raised the gun; and that he shot the deer in the buttocks area; that the deer ran up the road and into the woods; and he hunted the deer and was able to locate it later; and he, I believe, got Randy Pennell to help him haul the deer off.

Randy Pennell testified for the State that he went to the area where defendant was hunting in order to also hunt deer. He saw defendant's Jeep and then heard a shot. He then yelled loud enough for defendant to hear him, and he saw defendant. Defendant told him he had shot a deer. Pennell and defendant located the deer and loaded it onto defendant's Jeep. Pennell continued to testify on direct examination:

> Q: Did he tell you whether or not that was the first shot he had fired that day?
>
> A: No, sir, he said he saw the deer out in the field when he got out of his Jeep, and he shot at it.

Q: What else, if anything, did he say about that day?

A: He said he thought he mi-sed [sic] it; he didn't know. He couldn't find no blood or nothing, he said.

Defendant did not testify. The jury found defendant guilty of involuntary manslaughter. He appealed from a judgment imposing a prison sentence of three years which was suspended.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General D. David Steinbock, for the State.*

*Edward Jennings for defendant, appellant.*

HEDRICK, Chief Judge.

Involuntary manslaughter is the unlawful and unintentional killing of another human being without malice and which proximately results from the commission of an unlawful act not amounting to a felony or not naturally dangerous to human life, or from the commission of some act done in an unlawful or culpably negligent manner, or from the culpable omission to perform some legal duty. *State v. Everhart*, 291 N.C. 700, 231 S.E.2d 604 (1977). In this case, the State sought to show that defendant was culpably negligent in discharging his 30.06 rifle on 25 November 1987, and that such negligence proximately caused the death of Paul Spencer. Culpable negligence in criminal law requires more than the negligence required to sustain a tort recovery. *Id.* It must be such reckless or careless behavior that the act "imports a thoughtless disregard of the consequences of the act or the act shows a heedless indifference to the rights and safety of others." *Id.* at 702, 231 S.E.2d at 606.

When evidence introduced by the State consists of exculpatory statements of the defendant which are not contradicted or shown to be false by any other facts or circumstances in evidence, the State is bound by those statements. *State v. Bolin*, 281 N.C. 415, 189 S.E.2d 235 (1972); *State v. Wagner*, 50 N.C. App. 286, 273 S.E.2d 33 (1981).

When the evidence in the present case is considered in light of the foregoing principles of law, we hold that evidence is insufficient to permit the jury to find that defendant's conduct in firing his 30.06 rifle at a deer on 25 November 1987 was culpable negligence, or even that defendant's firing of his rifle proximately caused the death of Paul Spencer.

STATE v. MEADLOCK

[95 N.C. App. 146 (1989)]

The State's evidence, excluding defendant's stipulations and his statements made to Detective Bentley and Randy Pennell, tends to show only that Paul Spencer was killed sometime between 6:00 a.m. on 25 November 1987 and 9:20 a.m. on 26 November 1987 when he was struck in the head by a bullet from a high-powered rifle fired from a "distance." The State necessarily relied upon defendant's stipulations and defendant's statements to Detective Bentley and Randy Pennell to involve defendant in any way in the tragic death of Spencer. When defendant's stipulations and statements are considered, the State's evidence tends to show only that defendant was hunting on the morning of 25 November 1987 in the area where Spencer's body was found the following day. Defendant stated that he fired his rifle at a running deer and missed. The shell casing from this shot was found 453 feet from Spencer's body. Defendant's stipulations and statements tend to show the bullet from this shot was embedded in a tree 97 feet from Spencer's body, and this bullet bore no evidence of having struck "flesh." Defendant's statements further tend to show he later shot and killed a deer. Defendant's statements account for both shots fired by him. There is no evidence in this record tending to show defendant was negligent in firing his rifle, and no evidence that a bullet from his gun was the proximate cause of Spencer's death. Under the existing law of this State, it is not negligent to hunt deer with a 30.06 rifle.

The case cited by the State to support its contentions, *State v. Hall*, 60 N.C. App. 450, 299 S.E.2d 680 (1983), is clearly distinguishable on its facts. In *Hall*, the evidence tended to show that the defendant fired "after he saw a brown and white spot on what he thought was a deer," and he immediately told a companion, "I think I shot a man."

The judgment is reversed.

Reversed.

Judge ARNOLD concurs.

Judge PHILLIPS concurs in the result.

Judge PHILLIPS concurring in the result.

I agree that the evidence is not sufficient to establish that defendant shot the decedent. For according to the evidence: Of

WALLS & MARSHALL FUEL CO. v. N.C. DEPT. OF REVENUE

[95 N.C. App. 151 (1989)]

the only two shots defendant fired one lodged in a pine tree and was not shown to have any human blood or tissue on it, and the other hit a deer, apparently not on the line or in the vicinity where the decedent was; at least one other hunter, other than the defendant and decedent was in the area; the decedent could have been shot any time that day and no evidence was presented that defendant was the only one to shoot a rifle in that area during that time. While the testimony of the civil engineer, who made no microscopic or other scientific examination, that the bullet in the pine tree had no blood or human tissue on it establishes nothing since he was a witness for the defendant, the other evidence does not support the inference that the bullet that hit the decedent was one of the two that defendant shot.

But I do not agree that the evidence is not sufficient to establish defendant's culpable negligence. Shooting a high-powered rifle that can propel a lethal charge for upwards of a mile into an area where other people are likely to be, as defendant did here, is the very embodiment of culpable negligence in my opinion; and that he was on his own premises hunting deer when he fired the gun and there is no law against using such weapons for that purpose is beside the point.